### BURKHEISER v. MUTUAL ACCID. ASS'N OF THE NORTHWEST.

(Circuit Court of Appeals, Seventh Circuit. May 1, 1894.)

No. 121.

MUTUAL BENEFIT INSURANCE—FORFEITURE.

A mutual benefit association insured its members "against personal bodily injuries effected during the continuance of membership in this insurance through external violent and accidental means," and against death resulting from such injuries within 90 days after the accident. *Held* that, where a member died within 90 days after an accident that caused his death, the fact that before his death he ceased to be a member, because of default in paying an assessment falling due after the accident, did not relieve the association from liability, since its liability became fixed at the time of the accident.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by Mary Burkheiser against the Mutual Accident Association of the Northwest upon an insurance policy on the life of plaintiff's husband. Defendant obtained judgment. Plaintiff brings error. Reversed.

George Burkheiser, the husband of the plaintiff, was insured by the defendant under its certain policy or certificate of insurance dated October 4, 1890, "against personal bodily injuries effected during the continuance of membership in this insurance through external, violent and accidental means." By the policy provision is made for indemnity against accidental injury in two ways—First, for loss of time and for certain specified permanent injuries; second, for death, the result of accident, within 90 days thereafter. The first was payable to the insured, the second to the plaintiff. On the 20th day of December, 1890, Mr. Burkheiser met with an accident, within the terms of the policy, and died on the 23d day of January, 1891, solely from the effects of the injury. On the 15th day of December, 1890, the company duly levied an indemnity assessment upon its members, payable on the 15th day of January, 1891, notice of which was given to Burkheiser on the 15th day of December, 1890. The defendant pleaded this assessment and the failure of Burkheiser to pay the same, and claimed that, by reason thereof, and by force of the by-laws of the association, he ceased to be a member from and after the 15th day of January, 1891, whereby the policy of insurance certificate of membership was wholly discharged and annulled. The section of the by-law referred to is as follows: "Any member who shall fail or neglect to remit to the association the amount of any assessment made upon him,

within thirty days from the date of notice thereof so sent shall cease to be a member of said association. Provided, however, that any person may be restored to his membership upon payment of the assessment upon which he lapsed, and with the sanction of the president and secretary. Any member so reinstated shall not be entitled to any indemnity for injury sustained between the time last provided and of such reinstatement, and no person who has so forfeited his membership shall be eligible to such reinstatement unless, at the time of the application therefor, he would be eligible to membership in said association, under section one of this article." At the trial, the facts being established as pleaded, the court instructed the jury that the defendant was not liable upon the policy, to which ruling there was proper exception and assignment of error.

James A. Fullenwider, for plaintiff in error.

Albert H. Veeder and Mason B. Loomis, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge (after stating the facts). The correctness of the ruling is dependent upon the proper construction to be given to the contract of insurance in question. If liability for an accidental injury came to an end when Mr. Burkheiser, by reason of default in payment of the assessment, ceased to be a member of the association, the instruction was correct. If, however, liability for an accident occurring during the membership in the association continued, notwithstanding the cessation of membership after the accident, then the instruction was wrong, and the court should have directed a verdict for the plaintiff. The policy insures against personal bodily injuries effected during the continuance of membership in this insurance through external, violent and accidental means. The language of the contract is plain and unambiguous. It was clearly designed to effect the object of the association, which was to indemnify for injury sustained during membership. The consideration paid by the assured is for such protection. The injury which resulted in the death of Mr. Burkheiser occurred during such membership. The accidental injury was the cause; the death, the consequence. The contract indemnified against injury produced by accident as the operating cause, and occurring during membership. The contract with respect to liability of the company had relation to the time of the happening of the accident, not to the time of the final outcome of the injury, or to the time when liability should be discharged by payment. The liability of the association became absolute upon the occurrence of the accident, the amount of indemnity and the person to whom it should be payable being contingent upon the character and result of the injury sustained; as to the plaintiff, contingent only upon the death of the assured within the stated time. It was not contingent upon continuation of membership, either within the letter or spirit of the contract. There was no obligation on the part of the assured to continue in membership after an injury, nor does his failure so to do result in forfeiture of indemnity for injuries theretofore received, or in discharge of liability theretofore incurred. We search the policy in vain for a suggestion that that liability should be released or

discharged if, through default in payment of an assessment, the assured should, after the incurring of the accidental injury, cease to be a member of the association. By failure to honor the assessment, he indeed ceased to be a member of the association, and could no longer look to the company for indemnity for accidental injury thereafter occurring; but by no term of the contract and by no provision of the by-laws does such cessation of membership work forfeiture of rights accrued, or release the company from legal liability incurred under the policy during continuance of membership. The membership ceases; the legal liability for previous accidental injury remains. By one condition of the policy, it was competent for the association to cancel the certificate of membership at any time upon refunding paid unexpired assessments, or at the expiration of time covered by any one paid assessment. Can it be claimed that the association under this provision could, upon complying with its condition, absolve itself from liability for an accident occurring previous to such cancellation? We think not. Cessation of membership, whether voluntary or involuntary, operates prospectively, not in derogation of acquired rights or in release of antecedent liability. This view is impliedly sustained by that provision of the eighth by-law of the association above quoted, to the effect that a reinstated member shall not be entitled to indemnity for injuries occurring in the interval of time between default and reinstatement. It recognizes the liability of the association to respond for accidental injury sustained during the membership, notwithstanding subsequent severance or interruption of membership relation.

The case of Klein v. Insurance Co., 104 U. S. 88, has no pertinency here. There default upon an ordinary life policy of insurance occurred before the death of the insured. By the terms of such contracts, the insurance is against death occurring during the life of the policy, lapsing upon default in payment of the premium. The case at bar is quite different. Here the accident—which is like to the case of death in an ordinary life policy—occurred during the life of the policy, and liability attached immediately upon the occurrence of the injury. It is further to be observed that if the language used in this policy or certificate can fairly be said to admit of two interpretations, and to be of doubtful construction, the court should construe the provisions of the contract strictly as respects the company, and liberally as regards the insured, because the language employed is that of the insurance company. If the construction be doubtful, or the meaning obscure, it is the fault of the company. National Bank v. Insurance Co., 95 U. S. 673, 678; Grace v. Insurance Co., 109 U. S. 278, 282, 3 Sup. Ct. 207; Moulor v. Insurance Co., 111 U. S. 335, 341, 4 Sup. Ct. 466; Insurance Co. v. McConkey, 127 U. S. 661, 666, 8 Sup. Ct. 1360; Kratzenstein v. Assurance Co., 116 N. Y. 54, 59, 22 N. E. 221. The court below should have instructed the jury to return a verdict for the plaintiff. The judgment is reversed, and the cause remanded, with instructions to the court below to award a new trial.