WOODMEN ACCIDENT ASSOCIATION v. HELEN HAMILTON.[*]

FILED OCTOBER 7, 1903.    No. 12,149.

1. Accident Insurance: PLEADING: DEMURRER. An allegation of settlement of all claims which a certificate holder in an accident association "had or might have" against the association, which makes no express reference to the beneficiary, nor to future accruing claims, will be held, on demurrer by the beneficiary who is suing for indemnity for the subsequent death from the same accident of the certificate holder, to refer only to the then accrued claims for disability, and not to the subsequent death of the insured, and to state no defense to the death claim beyond the amount of the payment alleged.

[*] Rehearing denied. See opinion, p. 30, post.

2. **Evidence.**   Evidence *held* to suport verdict that death resulted from accident as claimed.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE.   *Affirmed.*

*Adolphus R. Talbot* and *Thomas S. Allen,* for plaintiff in error.

*Abraham Lincoln Beardsley* and *Addison Miller Gooding, contra.*

HASTINGS, C.

In this action on a certificate of accident insurance issued by the Woodmen Accident Association to the late Dr. Hamilton, of Coleridge, Nebraska, two grounds for the reversal of a judgment in favor of the plaintiff below are alleged in this court. One, that the court below erred in sustaining a demurrer to paragraphs five and six of the association's amended answer, and the other, that the evidence is not sufficient to support the verdict.

Paragraphs five and six, to which demurrer was sustained, are as follows:

"Fifth. Further answering, this defendant alleges that said Augustus Hamilton, while said certificate of insurance was in full force and effect, and on the 26th day of March, 1900, received an accidental injury within the provisions and terms of said certificate sued on; that in the due course of time and in accordance with the provisions and terms of said certificate, said Augustus Hamilton presented to this defendant his proofs of injury in support of his claim for damages, covering the injury which occurred to him on said date; that in said claim and proof for said injury, said Augustus Hamilton claimed a greater sum than $37.50, and the defendant denied such liability but claimed that he, the said Augustus Hamilton, was entitled to a less sum on account of said injury, but as a full and complete settlement and satisfaction of any and all claims or demands which he, the said Augustus Hamil-

ton, had, or might have, against the defendant on account of said injury received by him on the 26th day of March, 1900, the said defendant paid said Augustus Hamilton on the 22d day of May, 1900, the sum of $37.50, which said sum said Augustus Hamilton received in full satisfaction and accord, and in full settlement of all claims he had, or might have, against said defendant on account of said injury; that any and all claims that could lawfully be urged against this defendant association by Augustus Hamilton, deceased, or any other person, was then and there by said payment of said money and the giving of the receipt therefor fully liquidated, settled and paid, and that any and all liability of this defendant association on account of said injury received by said Augustus Hamilton on the 26th day of March, 1900, or the resulting consequences thereof, was fully settled, adjusted and paid by the payment to said Augustus Hamilton of said $37.50 as aforesaid.

"Sixth. Further answering, this defendant says that said Augustus Hamilton received no injury from accidental means within the terms of said policy of insurance from and after the date of March 26, 1900, to the time and date of his death, and that the plaintiff herein, being the beneficiary named in the said certificate sued on, ought not to recover herein because the injury complained of, which occurred to Augustus Hamilton, deceased, on the 26th day of March, 1900, was fully settled for, and all damage thereunder paid by this defendant to said Augustus Hamilton in his lifetime, which said settlement was made with the full and complete understanding and knowledge between the parties thereto that said settlement and payment, as aforesaid, included and covered every and all claims that were, or might be urged, against the defendant society, on account of the accidental injury received by said Augustus Hamilton on said 26th day of March, 1900. Defendant further alleges that the settlement and payment to said Augustus Hamilton by the defendant, as aforesaid, for the injury received by him on March 26, 1900, has never been changed or modified in any respect."

At the trial, the jury were instructed to disregard these paragraphs, and the sustaining of the demurrer and the refusal to submit the issues sought to be set up in them, are urged as grounds for reversing the judgment.

It will be remembered that the claim of plaintiff is by reason of the death of the insured. The allegations of paragraph five are that the insured presented to defendant proof of injury in support of a claim for damages, claiming a greater sum than $37.50; that defendant denied liability to that amount but paid him, "as a full and complete settlement and satisfaction of any and all claims" on account of the injury, on May 22, 1900, the $37.50: that the insured received it "in full settlement of all claims *he* had, or might have, against defendant on account of the said injury."

It is alleged, evidently as a mere legal conclusion from this, that all claims which could be urged against defendant by any other person, on account of this injury, were by the payment of this money, and the giving of a receipt for it, fully settled, and the liability of the defendant association, on account of the accident, adjusted and paid.

The sixth paragraph says that the doctor received no accidental injury after the settlement, and that plaintiff should not recover, because the injury of March 26 was fully settled for, and that this settlement "included and covered every and all claims that were, or might be, urged against the defendant society on account of the accidental injury received by said Augustus Hamilton on said 26th day of March." It is also alleged that the settlement had never been modified.

It will be observed that these allegations, in terms, refer only and solely to injuries received by and damages accruing to Dr. Hamilton. It will be observed, too, that the language does not in express terms refer to any future damage or injury that might result from the accident. It is true that it mentions, as above shown, "every and all claims that might be urged" against the defendant on account of the accident, but the allegation does not relate to

the terms of the settlement but is merely as to its effect, and does not necessarily refer to anything but claims that might have been urged at that time. It does not indicate that there was any agreement or intention on the part of either the insured or the defendant to surrender the contract, or to give up future accruing rights under it. If the language of these allegations is construed, as it should be, most strongly against the pleader, all of these allegations must be held to have relation to damages at the time of the settlement already effected, and which the contract provides should be paid and should be deducted from the $2,000 payable in case of death, if death should afterwards, within the stipulated time, result from the accident. A receipt drawn in the terms of these allegations and containing no more specific reference than they do to the contingency of the doctor's death would not, of itself and in the absence of attending circumstances, be held to cover damages in the future from his resulting death.

It is probably true that plaintiff and her counsel were at the time claiming, as they do now, that a vested right accrued to her, at once, at the time of the accident, which could not be settled for between the defendant and her husband without her assent, and it seems that the action of the trial court was based upon such supposition; but it does not matter upon what basis the trial court acted, if its action was right. In our opinion, if the defendant in this case really had the defense, which was held good in *Wood v. Massachusetts Mutual Accident Ass'n,* 174 Mass. 217, 54 N. E. 541, it should have set out that defense in plain terms; that is, defendant should have alleged distinctly that the $37.50 paid to Dr. Hamilton, on account of this injury, was paid not merely on account of the loss and suffering then already accrued to him, but was paid, also, on account of the relinquishment and the surrender of all right and claim for any damage or injury which might thereafter accrue to him, or to the beneficiary, by reason of the accident. It would be by a very liberal construction of these allegations, that their language could be

held to cover and include in the settlement indemnity to the beneficiary for the doctor's death. The trial court was not bound to extend any such liberal construction. The allegations might be entirely true, and leave the whole matter of the liability to the beneficiary entirely untouched.

There is very little doubt that the facts are set out as fully and as favorably for the defense as the truth would admit, but we are of the opinion that the trial court was right in holding that they did not disclose a defense. Whether such holding was based on the insufficiency of the allegations themselves, or on the supposition that after the accident the beneficiary had a vested interest in the policy, does not seem material. Nor does it seem to be necessary to decide the latter question in the absence of a distinct allegation that the matter of the future liability to the beneficiary was distinctly included and covered by the terms of the settlement agreement. There seems no doubt that the fair interpretation of the language of these allegations is that the settlement of claims "which were, or might be, urged against the defendant," had reference solely to claims then existing, or which might have been urged on account of facts which had already transpired. A settlement, to do away with defendant's liability after an accident had already occurred, should be much more explicit.

The other question, as to the sufficiency of the evidence to sustain the verdict, is given very little attention by plaintiff in error and seems hardly to have merited more. It is true that the death of the insured on June 10 was the result of a complication of diseases, but the evidence tends very strongly to indicate that they resulted from a violent injury to his liver, which came from the runaway accident of March 26. We do not feel disposed to disturb the finding of the jury in reference to this matter.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion, overruling a motion for rehearing, was filed January 6, 1904:

1. **Review.** Unless there is material error in the record brought to this court for review, the judgment of the trial court will be affirmed regardless of the theory upon which it was defended.

2. **Mutual Benefit Association:** CHANGE OF BENEFICIARY. In this state, by express statute, members of mutual benefit associations have the right, at any time, with the consent of the association, to substitute one beneficiary for another.

3. ———: INTEREST OF BENEFICIARY. A certificate issued by such an association providing for the payment of indemnity in case of accidental death, gives to the beneficiary named therein a vested interest, not when the accident happens, but when death occurs in consequence of the accident.

SULLIVAN, C. J.

This is a motion for a rehearing.

The contention that the decision in favor of defendant in error ought not to stand because her counsel failed to point out the true reason for affirming the judgment, is entirely without merit and must be rejected. Unless there is material error in the record of the trial court, its judgment, upon whatever theory it may have been defended, will be affirmed.

The second ground of the motion is that the decision is wrong because it is grounded upon the assumption that Mrs. Hamilton, the beneficiary named in the certificate, had a vested interest therein from the time of the accident which resulted in her husband's death. Evidently, counsel have not carefully read the opinion of Commissioner HAST-INGS. In this state, by express statute, members of mutual benefit associations have the right at any time, with the consent of the association, to substitute one beneficiary for another. Until the death of the certificate-holder, the bene-

ficiary has no vested interest—nothing but a mere expect-ancy. This view of the matter is sustained by the case of *Fisher v. Donovan*, 57 Neb. 361, which is, we believe, in accord with the whole current of authority. *Burkheiser v. Mutual Accident Ass'n*, 61 Fed. 816, is cited by counsel for defendant in error in support of the contention that the interest of the beneficiary becomes vested when the accident occurs, which results in the death of the certificate-holder, but, as we understand that case, it goes only to the extent of holding that, under the terms of the contract there considered, the liability of the company had relation to the time of the accident, and that subsequent loss of membership was therefore no defense. The court did not say, or even intimate, that the occurrence of the accident operated to deprive the certificate-holder of the right to designate another beneficiary. And the logic of the opinion leads to no such conclusion.

We adhere to the judgment of affirmance, not because Mrs. Hamilton had a vested interest from the time of the accident, but because her contingent interest was not intended to be, and was not, in fact, covered by the contract pleaded as a defense.

MOTION OVERRULED.