CHICAGO—FIRST DISTRICT—OCTOBER, 1914.    459

Nadler v. Illinois Commercial Men's Ass'n, 188 Ill. App. 459.

## Agnes E. Nadler, Appellee, v. Illinois Commercial Men's Association, Appellant.

### Gen. No. 19,833.

1. INSURANCE, § 717*—*words "passenger train" in by-law construed.* A train run on schedule time carrying passengers as well as freight, *held* to be a "passenger train" within the meaning of a by-law of a mutual benefit association which provided for an indemnity to be paid in case of the death of a member while riding as a passenger on a passenger train.

2. INSURANCE, § 120*—*rule in construing policies.* Where expressions in insurance policies are susceptible of two interpretations and of doubtful meaning, the one most favorable to the insured will be adopted.

3. EVIDENCE, § 403*—*when expert testimony incompetent to explain meaning of words.* The expression "passenger train" in a by-law of a mutual benefit association providing for the payment of an indemnity in case of the death of a member while riding as a passenger on a passenger train, *held* not ambiguous so that testimony of railroad officials would be competent to explain it.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

JAMES MAYER and RYAN & CONDON, for appellant; IRVIN I. LIVINGSTON, of counsel.

M. MARSO, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

One Frank Nadler, to whom appellant issued an accident insurance policy, met his death as the result of the derailment of a railroad train, propelled by steam, consisting of an engine, tender, six loaded freight cars, a caboose and a passenger coach. At the time of the accident he was riding as a passenger in said coach. The train was under charge and control

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

460 . Appellate Courts of Illinois.

Nadler v. Illinois Commercial Men's Ass'n, 188 Ill. App. 459.

of a conductor and train crew, and ran on schedule time carrying passengers and baggage as well as freight.

The sole question here involved is whether such train was a "passenger train" in the sense those words are used in a proviso of one of appellant's by-laws, which, though adopted subsequent to the issuance of the policy, became by its provisions a part thereof, and reads:

"Provided, however, that the indemnity to be paid under the provisions of this section, in case the death of the member shall have resulted from an accident, which occurred to said member whilst riding as a passenger on a passenger train, propelled by steam and inside a coach or passenger car thereof, shall be $10,000."

The case was heard by the court without a jury, and the several assignments of error are embraced in the claim that the court erred in refusing to hold as law and to find as a fact that such train was not a "passenger train" within the meaning of the policy.

Testimony was given in behalf of appellant by railroad officials, presumably called as experts, to the effect that in railroad circles trains are designated and known as passenger, freight and mixed; that, besides the engine, a passenger train consists of a baggage car and passenger coaches; a freight train of freight cars and a caboose; and a mixed train of freight cars and a passenger coach or combination car. While no evidence to the contrary was offered, the court properly, in our opinion, disregarded such testimony. It was not needed for construction of the contract and was therefore incompetent. Its interpretation involved no question of science, skill or trade justifying resort to expert testimony. The right to indemnity depended entirely upon whether the words "passenger train" applied to the train in question, existence of the other conditions of liability not being questioned. Appellant seeks to impress upon

them a technical meaning, adapted to distinctions made for railroad and possibly some commercial purposes. But in ordinary acceptation and use a "passenger train" is one run and "advertised to take passengers generally—people travelling from place to place—upon terms and in the manner ordinarily applicable to such passengers" (2d Bouvier's Law Dict., 611, 612), and it is no less a passenger train, when so run and advertised, simply because it also carries freight. The main object of the policy was indemnity against accidental injury or death while the insured was being carried as a passenger on a train scheduled and used for such service. Had appellant intended by the proviso in question to limit its liability to trains carrying passengers and baggage only, it would have been an easy matter to have framed the by-law "in such a way," as said in *Illinois Cent. R. Co. v. People,* 143 Ill. 434, involving a similar question of construction, "that no doubt could have existed in regard to the intention." Without other restrictive or qualifying words the expression employed in the by-law could not without violence to its ordinary meaning,—keeping in view, as we must, the purpose of the policy, —be limited by the technical distinctions observed in railroad parlance.

Even if the expression be deemed susceptible of two interpretations and of doubtful meaning, then in accordance with a recognized principle in construing insurance policies, the one most favorable to the insured will be adopted. *Healey v. Mutual Acc. Ass'n,* 133 Ill. 556; *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39; *Terwilliger v. National Masonic Acc. Ass'n,* 197 Ill. 9; *Grand Legion of Illinois, Select Knights of America v. Beaty,* 224 Ill. 346. In fact it has been held that in such a case, "the court should construe the provisions of the contract strictly as respects the company and liberally as regards the insured, because the language employed is that of the insurance company."

*Burkheiser v. Mutual Acc. Ass'n,* 10 C. C. A. 94, 61 Fed. 816. Several cases may be referred to, without discussing them, where the same rigid construction of the words "passenger train," as employed in statutes and contracts, has been unsuccessfully evoked. *Ohio & M. Ry. Co. v. People,* 29 Ill. App. 561; *Illinois Cent. R. Co. v. People, supra; Cleveland, C., C. & St. L. Ry. Co. v. People,* 175 Ill. 359; *Gray v. Chicago, M. & St. P. Ry. Co.,* 189 Ill. 400; *Chicago Great Western Ry. Co. v. St. Paul Union Depot Co.,* 68 Minn. 220; *Schwartz v. Missouri, K. & T. Ry. Co.,* 83 Kan. 30.

We agree with appellant that the expression is not ambiguous, and therefore the testimony heard to explain it was incompetent. Keeping in view the purpose of the policy and the ordinary use and meaning of the expression, we entertain no doubt that, as used in the by-law, it contemplated any train, like the one in question, regularly run on schedule time for the accommodation and carriage of passengers, whatever else it might carry.

We think the judgment fixing appellant's liability accordingly should be affirmed.

*Affirmed.*