21971

Allie M. ANDERSON, Respondent, v. PENNSYLVANIA NATIONAL
MUTUAL INSURANCE COMPANY, Appellant.

(306 S. E. (2d) 597)

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Richard H. Warder,* Greenville, *for respondent.*

Aug. 9, 1983.

LEWIS, Chief Justice:

Appeal is taken by Pennsylvania National Mutual Insurance Company from judgment entered for the respondent insured. We affirm.

This action was brought on an automobile insurance policy issued by the appellant to respondent in February 1978, to run for a period of one year. In January 1979, respondent suffered a loss and made a claim under the policy. Appellant refused to pay the claim on the basis that the policy had been cancelled in

December 1978. The ground of cancellation was nonpayment of premiums.

Respondent does not deny the right of an insurer to cancel a policy for failure to pay premiums. See Section 38-37-1410(4) and 38-37-1440, Code of Laws of South Carolina, 1976. Neither does respondent contest appellant's compliance with cancellation procedures imposed by law. Instead respondent contends that the premium at issue was not an element of the insurance contract made in February 1978, but rather a modification thereafter attempted by the appellant. We agree.

Dispute arises from a surcharge of approximately Two Hundred Forty ($240.00) Dollars which appellant sought to collect from respondent under the South Carolina Merit Rating Plan established by Regulation 69-13.1 of the Insurance Department. Vol. 25, 1979 Supp. to the 1976 Code. A surcharge of this sort is permitted under the Merit Rating Plan and is based upon driver violations that are recorded during the thirty-six (36) months immediately preceding a policy inception date. In the present case, the surcharge was based upon violations correctly appearing on the driving record of respondent's son who was an insured driver on her policy. There is no dispute that these violations all occurred prior to the date of policy renewal. It also appears that appellant was fully apprised prior to the policy date of the infractions committed by respondent's son.

Regulation 69-13.1 imposes only one clear restriction upon such surcharges, specifically declaring: "No policy shall be endorsed to reflect any mid-term change in the driving records of the operators covered by the policy ...." Since no "mid-term change" in driving record is here involved, we are left without any regulatory guidelines applicable to the facts of this case. Appellant contends that the absence of such guidelines must permit an insurer to impose a surcharge at any time it learns of prior violations, whether before or during the policy term.

At trial, appellant offered some evidence that it had demanded payment of the surcharge at or prior to the date of renewal. No argument of this point, however, was made until this appeal. Instead, appellant relied upon its claim that the surcharge could be levied at any time. The trial court chose to treat the surcharge as a modification to the insurance con-

tract and instructed the jury on appropriate contract principles. The only objection to the jury charge was that the Merit Rating Plan created an absolute right to the insurer to modify the contract, obviating any need for a subsequent meeting of minds or consideration. We find no authority or public policy to support such a reading of the plan.

In light of the record, we conclude that the trial court was correct in treating appellant's surcharge as an attempted modification. The testimony abundantly supports the conclusion that the respondent rejected the modification and incurred no obligation to pay the surcharge. Appellant had no ground to cancel the contract, and judgment was thus properly awarded to the respondent. See *Howard v. American Southern Insurance Company*, 148 Ga. App. 25, 251 S. E. (2d) 7 (1978).

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.