Myrtle McDONALD *v.* STATE FARM MUTUAL
AUTOMOBILE INS. CO.

CA 84-285                                              692 S.W.2d 274

Court of Appeals of Arkansas
Division I
Opinion delivered July 10, 1985

*Eugene Hunt*, for appellant.

*Boswell, Smith & Clardy*, by: *Floyd Clardy*, for appellee.

MELVIN MAYFIELD, Judge. Appellant appeals a summary judgment granted appellee State Farm. We reverse and remand.

In October of 1980 appellee issued separate policies to appellant and her husband, insuring a 1977 Monte Carlo automobile and a 1969 Ford pickup truck for a period of six months. Renewal notices for the next six-month period of April 6, 1981, to October 6, 1981, were sent to appellant on each of the vehicles. The notice covering the Monte Carlo plainly stated: "Payment of premium by date due insures your 1977 M Carlo until Oct-06-81." The date due is stated "Apr-06-81" and the amount due is stated to be "$153.22."

Both parties agree that appellant paid the premium on the Monte Carlo by April 6, 1981, but that the coverage on the pickup was allowed to lapse. In mid-May, State Farm sent appellant a notice of balance due of $17.84. The notice contained no explanation of the increase in premium but appellant later learned it was for loss of multicar discount which had applied when both vehicles were insured. When appellant failed to pay this balance, State Farm sent appellant a cancellation notice, dated September 4, 1981, which informed her that if the balance due remained unpaid the insurance coverage on the Monte Carlo would expire on September 18, 1981. The payment was not made

and on October 10, 1981, the Monte Carlo was involved in an accident which resulted in the death of appellant's husband.

On October 13, 1981, appellant visited the office of her local State Farm agent, and paid the secretary in the office the amount of $188.30, representing the $17.84 unpaid balance from the previous six months and $170.56 as the renewable premium for the six-month period of October 6, 1981, to April 6, 1982. Appellant told the secretary that the car had been wrecked (the secretary already knew appellant's husband had been killed) and appellant asked that the agent contact her.

The insurance policy covering the Monte Carlo also provided that appellant would be paid $5000.00 if her husband's death was caused by a motor vehicle accident. Upon being contacted by State Farm's agent, she was advised that the policy was not in force at the time of her husband's death. Appellant then filed suit to collect the $5000.00. State Farm filed an answer alleging that the policy on the Monte Carlo had lapsed on September 18, 1981, was reinstated on October 13, and that no coverage existed between those dates. Subsequently, State Farm mailed appellant a check of $23.12 as a refund for the period it claims there was no coverage. Both parties filed motions for summary judgment. State Farm's motion was granted on the basis that the insurance policy was not in force on October 10, 1981, when the death of appellant's husband occurred.

Appellant argues that the court erred in holding that the policy had expired at the time of the accident. It is appellant's contention that when originally issued, the policy covered the period from October 6, 1980, to April 6, 1981; that the policy provided for successive periods of coverage of six months each if renewal premiums were paid; that the renewal premium for the next renewal period was paid in the amount and for the period stated in the renewal notice; that the company had a policy that allowed a 22-day grace period within which the premium could be paid for the next six months and thereby maintain continuous coverage; and that by paying the premium on October 13, 1981, which was within 22 days of the renewal date of October 6, 1981, the appellant acquired this continuous coverage. We agree.

The premium notice received by appellant provided that payment of premium by date due would insure appellant's 1977

Monte Carlo until October 6, 1981. The stated amount due was $153.22, and it is undisputed that appellant paid this amount. Neither side has referred us to an Arkansas case that decides this precise point, but appellant cites *Howard* v. *American Southern Ins. Co.*, 148 Ga. App. 25, 251 S.E.2d 7 (1978). In that case the appellant had been issued a policy giving coverage for one year at a stated premium to be paid in monthly installments. After two payments had been made the insurance company advised appellant his premium would be increased by $254.00 because he had denied on his application any traffic violations during the preceding 36 months whereas the state's driving records showed to the contrary. He did not pay the increased premium and when he was involved in an accident the company claimed the policy had been cancelled for nonpayment of premiums. The trial court found for the insurance company, but the appellate court reversed, saying:

> The increase in premium was a material modification of the policy terms to which plaintiff did not agree and it was not supported by any consideration, both of which would be necessary to effect a valid modification of the insurance contract. . . . The plaintiff under the time payment plan was current at the time of cancellation on payment of the agreed premium. The cancellation for the reason cited in the notice was therefore not authorized.

Another case holding the same way is *Anderson* v. *Pennsylvania National Mutual Ins. Co.*, 306 S.E.2d 597 (S.C. 1983), which also involved an increase in premiums for traffic violations. The insurance company in that case also attempted to collect an additional premium, termed a surcharge, which the insured would not pay. It was his contention that the surcharge was a modification of his contract and that he did not owe it. The trial court agreed with the insured. Relying upon *Howard* v. *American Southern, supra*, the Supreme Court of South Carolina affirmed the trial court with the following explanation:

> In light of the record, we conclude that the trial court was correct in treating appellant's surcharge as an attempted modification. The testimony abundantly supports the conclusion that the respondent rejected the modification and incurred no obligation to pay the surcharge. Appellant had no ground to cancel the contract, and

judgment was thus properly awarded to the respondent.

█ We find the caselaw discussed above persuasive that appellant, by paying the stated premium in full, obtained insurance coverage for the full six-month term from April 6, 1981, to October 6, 1981. The next question is whether, by tendering a renewal premium payment on October 13, 1981, appellant effectively maintained continuous coverage on the Monte Carlo. In that regard, in a deposition of the local State Farm agent, he was asked about a grace period within which a renewal payment could be made. He testified that:

> There is a grace period—if a premium—if a policy is paid to the end of its normal expiration period, as in this particular case the normal expiration period would have been October 6th, if a full premium were paid that would continue the policy until October the 6th, there would be a 22-day grace period given by the company, if the loss occurs after the October 6 date, assuming that the policy was paid to that date and within the 22 days subsequent to that.

The local agent's secretary was also asked about this matter and she testified that there is a 22-day grace period after the expiration date of the policy within which to pay the premium for the next six-month renewal period. Not only that, but there was introduced into evidence a page from the "State Farm Major Service Auto Book" that gives directions about accepting premium renewal payments made within 22 days of the expiration date of the last six-month coverage period. And even more importantly, an affidavit of a service superintendent of the appellee State Farm, filed in support of appellee's motion for summary judgment, states:

> State Farm does have a policy of allowing its policyholders to pay renewal premiums within twenty-two (22) days following the due date. If persons make the payment within twenty-two (22) days of the renewal due date, then the policy would be continued with no lapse of coverage. This policy of State Farm does not apply to this case because the $17.84 due on the premium was not a renewal but a balance due notice.

The last sentence of the above affidavit sets out the appellee's only defense in this case. It is, of course, based upon a premise with which we do not agree. Very simply, as we have discussed, we hold that the appellee did not have the right to charge appellant this extra $17.84 for the coverage already agreed to and paid for. Appellee, however, does also suggest that appellant's payment of the renewal premium for the next six-month period was "an attempt to trick the insurance company into accepting coverage for a time when the policy was out of force."

We do not agree that any "trick" was attempted. "Grace periods" within which insurance premiums may be paid are neither new nor unusual. In *Millers Cas. Ins. Co.* v. *Murphy*, 254 Ark. 956, 497 S.W.2d 15 (1973), a renewal premium was paid after the policy period had lapsed and after an accident had occurred, but within a 20-day grace period, and coverage was upheld. The question there was whether the premium had been paid during the grace period, but the company conceded liability if payment was paid during the period. In *Central States Life Ins. Co.* v. *Hale*, 186 Ark. 890, 56 S.W.2d 583 (1933), the court held the company liable where the insured was injured during the grace period but did not die until after the period had lapsed. And in *Smith* v. *John Hancock Mutual Life Ins. Co.*, 195 Ark. 699, 114 S.W.2d 15 (1938), the court said "during the period of grace the policy could not be cancelled or converted because of failure to pay the premium. . . ."

Although the appellant also filed a motion for summary judgment, there could be some factual issue left to determine. Therefore, we reverse and remand for further proceedings consistent with this opinion. *See Fausett Co.* v. *Rand*, 2 Ark. App. 216, 619 S.W.2d 683 (1981).

Reversed and remanded.

CRACRAFT, C.J. and CLONINGER, J., agree.