300     APPELLATE COURTS OF ILLINOIS.

Clarke v. Illinois Commercial Men's Assn., 180 Ill. App. 300.

## Floy Clarke, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 18.275.

1. INSURANCE—*what by-law does not contravene Act of 1893, § 15.* A by-law of a mutual accident insurance company doing business on the assessment plan, which provides that payment in case of accidental death would be made only in case such death resulted within 90 days after the accident, does not contravene any express provision of the Act of 1893, § 15, relating to what must appear in the policy of life and accident insurance companies.

2. INSURANCE—*construction of policy.* If there is any contradiction between the policy issued by a mutual accident insurance company and the by-laws the policy will govern.

3. INSURANCE—*what by-law not contradiction of policy.* Where a policy of a mutual accident insurance company provides for payment in case of accidental death and that liability is subject to subsequent by-laws, a subsequent by-law is not a contradiction of the policy, but is a qualification thereof, where it provides that payment on account of accidental death shall only be made where death results within 90 days after the accident.

4. INSURANCE—*what by-law passed after issuance of policy not unreasonable.* Where a mutual accident insurance company, having power to change its by-laws and authorized by the Act of 1893, relating to life and accident insurance companies, to change the risks to be assumed and their duration, issues a policy providing for payment in case of accidental death and making its liability subject to by-laws subsequently passed, a subsequent by-law, providing that payment shall be made in case of accidental death only when such death results within 90 days after the accident, is within the contemplation of the parties and not inconsistent with the provisions of the policy nor unreasonable in character.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

LEWIS, FOLSOM & STREETER, for appellant.

JAMES MAHER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee, a mutual accident insurance company doing business on the assessment plan and organized under the act in force July 1, 1893 (chap. 73, p. 1366, Hurd's R. S. 1911) issued a policy to one Damon Clarke, which provided, among other contingencies, that in case of his accidental death the association would pay his wife, appellant, the sum of $5,000. It further provided that the liability to pay should be in accordance with and subject to the then existing by-laws, and "of any and all amendments, alterations and new issues of said by-laws," that they should become a part of the policy as soon as adopted, and that by acceptance of the policy the member agreed to be bound by such by-laws.

Appellant brought suit to recover under said policy alleging that said Clarke died November 17, 1909, and that his death resulted from an accident happening June 14, 1909.

A plea to the declaration set up that at the time of the accident and the member's death a by-law of the association was in force which provided that payment on account of death by accidental means would be made only in case such death resulted "within ninety days from and after the date of said accident," and that the death of said Clarke did not occur within ninety days after the date of the alleged accident. A demurrer to the plea was overruled, and, plaintiff electing to stand by it, judgment was entered for defendant.

It is argued and urged by appellant that under the provisions of the statute the association had no power to make a by-law relieving it of liability in case the death did not occur within ninety days after the accident, first, because the statute requires the policy to state on its face the contingency upon which the indemnity is payable, which in the policy in question is stated to be accidental death without the limitation

prescribed by said by-law; and, second, because said by-law is inconsistent with the provisions of the policy.

Under the first contention our attention is directed to section 15 of said act. While it manifestly contemplates that promise of payment in a policy must necessarily state whether the contingency is one of death or physical disability, or both, and while it requires that it shall specify the sum of money promised to be paid under the contingency and the time in which it shall be paid after satisfactory proof of its happening, yet it contains no requirement as to what the policy shall specify respecting such contingency, nor any prohibition against the association placing reasonable limitations thereon. We, therefore, fail to see that the by-law contravenes any express provision of the statute respecting what must appear in the policy.

As to the contention of inconsistency, of course if there is any contradiction between the policy and the by-laws, the former will govern. But we think that the limitation, in question does not constitute a contradiction, but rather a qualification and thus presents the question of the reasonableness of such by-law.

The provision it makes is consistent with the right and duty of the association to protect itself and its members against unjust claims, and one that is the proper subject of a by-law, and within the scope of what may reasonably have been contemplated by the member's agreement to be bound thereby. We are of the opinion, therefore, that it does not change the essential terms of the contract, but merely states with greater particularity a contingency designated in the policy in general terms. In other words, while the member is insured against accidental death, the by-law states when it shall not be deemed accidental.

The proximate cause of death, especially when it follows at a time somewhat remote from the accident to which it may be attributed, is often the sub-

ject of controversy and litigation. Provisions of different kinds, designed to remove or limit a controversy on that subject, are found sometimes in the policies and sometimes in by-laws. Doubtless, the by-law in question had some such end in view.

Its reasonableness would seem to rest upon a theory that if death does not usually result from the injuries received from an accident within ninety days therefrom, it may be as reasonably ascribed to other causes prior or intervening. We cannot say that such a time limit is unreasonable. On the contrary, in view of the power of the association to make by-laws and under section 5 of the act to change from time to time "the risks to be assumed by such corporation and duration thereof," and of the fact that the contract was expressly made with reference to such powers, we are of the opinion that the by-law was within the contemplation of the parties to the policy and not inconsistent with its provisions nor unreasonable in character.

In each of the cases relied on by appellant the by-law was plainly in direct conflict with either the statute or the policy, in that it attempted to change the time of payment as designated in the policy, or attempted to limit the liability to a different sum from that specified in the policy, or the territory within which a suit to recover could be brought under the statute, or the assessments to a number that would not pay the amount contracted for in the policy. None of the cases apply to the question raised here. The judgment will be affirmed.

*Affirmed.*