## Matilda Moses, Appellee, v. Illinois Commercial Men's Association, Appellant.

### Gen. No. 19,832.

1. INSURANCE, § 895a*—*admissibility of evidence.* In an action on a benefit certificate for insurance where the issue was whether the member committed suicide, the testimony of the beneficiary to the effect that she had seen the insured clean his revolver on several occasions prior to his death and that the conditions under which he cleaned it were similar to those existing at the time he was found dead, *held* material to the issue and properly admissible.

2. INSURANCE, § 747*—*when amended by-law of benefit association becomes part of contract.* Where the terms of the policy and the application therefor make the provisions of the by-laws then in force and the provisions of all subsequent amendments, alterations

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and new issues of the by-laws a part of the contract of insurance, such amendments, if reasonable and valid, become a part of the contract.

3. INSURANCE, § 747*—*when amendment to by-law of benefit association reasonable.* An amendment to a by-law of a benefit association that the association shall not be liable for disability or death of a member resulting from the discharge of firearms, when there is no witness to the discharge of such firearms except the member himself, *held* to be reasonable and valid and to become a part of the contract of insurance.

4. INSURANCE, § 612a*—*burden of proof.* In an action on a benefit certificate to recover insurance, the burden of proof rests upon the plaintiff to establish that the assured met an accidental death under conditions imposing liability expressed in the terms of the contract of insurance, notwithstanding the pleas of the defendant of the general issue, setting up suicide and the evidence in support thereof.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 10, 1914. Rehearing denied November 24, 1914.

**Statement by the Court.**    Matilda   Moses,   appellee, commenced this action to recover on a policy of insurance issued by appellant to Walter Moses, her son, November 6, 1906. The amended declaration avers that Walter Moses became a member of said defendant Association on that date, and it issued to him a policy of insurance which, among other things, provided that there should be payable to Matilda Moses, the plaintiff, mother of Walter Moses, in case of the accidental death of Walter Moses, the sum of $5,000. The policy provided that in case of the death of Walter Moses as the result of bodily injuries received through violent external and accidental means, that sum should be paid to Matilda Moses within ninety days after receipt of proof of the death of Walter Moses; and it further avers that Walter Moses was a member in good standing when he received

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bodily injuries through external, violent and accidental means, which, independently of all other causes, resulted in his death on January 9, 1910, and that by reason thereof the plaintiff became entitled to the sum of $5,000, and alleges that proof of the death was furnished the board of directors of the appellant.

The defendant pleaded the general issue and special pleas setting up the application and by-laws of the Association. The second plea avers the signing and filing with the defendant of a certain application for membership in the defendant Association which said application was made a part of the contract of insurance and contained the following declaration, stating among other things:

"I do warrant the above statement to be true, and I hereby agree that I will comply with the requirements of the by-laws, and that this declaration shall be the basis of membership between myself and the said Association. I agree that the said Association shall not be liable under its certificate of membership for any injury which may happen to me while under the influence of intoxicating liquors or narcotics, or in consequence thereof, nor for intentional injuries inflicted by myself. * * * "

The plea then alleges that the death of Walter Moses was caused by intentional injuries inflicted by himself on himself.

In its third plea the defendant avers that at the time of the alleged accidental death of said Walter Moses and prior thereto there were in full force and effect and binding upon the said Walter Moses during his lifetime and at the time of the alleged accidental death, and binding upon the plaintiff in this suit, certain by-laws of the Illinois Commercial Men's Association, the defendant, part of which by-laws is in words and figures as follows, to wit:

"Article VII, Section 8. This association shall not be liable to any person for any indemnity or benefit for injuries, or death, * * * or injury inflicted by

the insured on himself while sane or insane;  *  *  *
and this association shall not be liable to any person
on account of any member who, while sane or insane,
shall take or destroy his own life;  *  *  *  nor shall
this association be liable to any person on account
of the disability or death of any member resulting from
the discharge of firearms when there is no witness
to the discharge of such firearms except the member
himself.  *  *  *  ''

The plea further avers that the death of said Walter
Moses was caused by injury inflicted by himself upon
himself.

The fourth plea of the defendant alleges that at the
time of the accidental death of the said Walter Moses
and prior thereto, there were in full force and effect
and binding upon the said Walter Moses during his
lifetime and at the time of the alleged accidental death,
and binding upon the plaintiff in this suit, certain by-
laws of the defendant Association, and quotes the by-
law known as article VII, sec. 8, parts of which are
set out above in the third plea.  The plea then avers
that Walter Moses took his own life.

In the fifth plea it is averred that at the time of the
alleged accidental death of Walter Moses, and prior
thereto, there were in full force and effect and binding
upon said Walter Moses and upon the plaintiff in the
suit, certain by-laws of the defendant, namely, article
VII, sec. 8, as quoted above, and alleges that Walter
Moses destroyed his own life.

The sixth plea avers that at and prior to the alleged
accidental death of Walter Moses there were in full
force and effect and binding upon said Walter Moses
and upon the plaintiff in this suit, certain by-laws of
the defendant, namely, article VII, sec. 8, quoted
above, and avers that the death of said Walter Moses
resulted from the discharge of firearms and that there
was no witness to the discharge of such firearms except
the said Walter Moses himself.

Issue was taken upon the pleas.  On the trial, the

444     APPELLATE COURTS OF ILLINOIS.

Moses v. Illinois Commercial Men's Ass'n, 189 Ill. App. 440.

jury returned a verdict in favor of appellee, Matilda Moses, against the appellant for the sum of $5,000 and interest. A motion for a new trial was denied by the court, and also a motion in arrest of judgment, and judgment was rendered on the verdict for the sum of $5,750.

The policy of insurance sued on recites, among other things, that in consideration of the application for membership in the defendant Association theretofore executed by Walter Moses, which said application for membership is referred to and made a part of the policy, and which every person accepting or acquiring an interest in the contract thereby adopts as his own, admits and warrants to be full and true and to be the only statements or declarations upon which the contract is made, and in consideration of the admission fee paid, the defendant Association receives the said Walter Moses as a member; and upon the further consideration, and upon the condition of the payment of the annual dues to be paid as provided in the by-laws of the Association, in and for every year during the continuance of the policy; and also upon the further consideration and condition of the payment of all assessments made and assessed upon him as a member of said Association, within the time provided for the payment thereof,—there should be payable to said member, in case of accidental injury not resulting in death, certain specified amounts; and in case of the accidental death of said member, there should be paid to Mrs. Matilda Moses, mother of Walter Moses, if living at the time of such accidental death, otherwise to the legal representatives of said member, within ninety days after the receipt by the said Association of satisfactory proof of death, the sum of $5,000; and any and all such payments or liability to pay shall be and are in accordance with and subject to each and all of the provisions of the by-laws of said Association and of the provisions of any and all amendments, alterations and new issues of said by-laws, which said

by-laws are thereby referred to and made a part thereof as fully as if they were recited at length over the signature thereto affixed, and which said amendments, alterations and new issues of said by-laws shall become a part thereof as fully as if they were recited at length over the signatures thereto affixed, as soon as such amendments, alterations or new issues of said by-laws respectively are or may be duly adopted, and the said Walter Moses thereby and by the acceptance thereof agrees to abide and be bound by said by-laws and each of them and by any and all lawful amendments, alterations and new issues thereof or any of them.

On the trial the court admitted the testimony of the plaintiff, Matilda Moses, to the effect that she had seen Walter Moses, the insured, clean his revolver on several occasions prior to the date of his death, and that on such occasions he was in the bedroom and had on the bed papers and strips of cloth and that the conditions each time she saw him clean the revolver were similar to those existing at the time he was found dead. She further testified that she first learned of the death of Walter Moses when she returned home about ten o'clock at night; that she and her husband and her daughter entered the house and found Walter Moses in the bedroom off the parlor lying on the bed; that his coat, vest and shirt were on a chair, and he had on his underclothing, trousers and shoes; that his revolver was lying on the bed on the right side; on the left side was a newspaper; the cartridges were on that and a penknife, with which she supposed he had been cleaning the revolver, and a few rags which appeared like an old handkerchief torn in strips, and were smoky looking; that when he cleaned his revolver, he always put papers on the bed.

The defendant, to maintain its side of the case, called one Cavenaugh, secretary and treasurer of the

Association, who testified that on June 26, 1909, an amendment to article VII, sec. 8, of the by-laws was passed, which was in words and figures as follows:

"Nor shall this association be liable to any person on account of the disability or death of any member resulting from the discharge of firearms when there is no witness to the discharge of such firearms except the member himself, and in all cases of disability or death resulting from the discharge of firearms the burden of proof in establishing the presence of an eye-witness shall be upon the member or person or persons claiming indemnity."

Objection was made to the introduction of article VII, sec. 8, showing this amendment, but no objection was made to the introduction of article VII, sec. 8, excluding the amendment, and the by-law was admitted, excluding the amendment above quoted made on June 26, 1909.

Error is assigned upon these rulings of the court and upon the admission of the testimony of Matilda Moses, also upon the entering of judgment on the verdict for a different amount than that found by the jury without amending or correcting the verdict of the jury.

JAMES MAHER and RYAN & CONDON, for appellant; IRVIN I. LIVINGSTON, of counsel.

SAMUELS, SHURTLEFF & SAMUELS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant's pleas presented the issue as to whether or not the deceased, Walter Moses, committed suicide. On that issue the testimony of Matilda Moses was material and was properly admitted.

The court excluded the amendment to article VII, sec. 8, of appellant's by-laws, adopted June 26, 1909. This ruling is assigned for error.

By the terms of the policy and the application therefor, each and all of the provisions of the by-laws of appellant then in force, and all the provisions of any and all amendments, alterations and new issues of the by-laws subsequently adopted, became a part of the contract of insurance, and Walter Moses, the deceased, and any and all beneficiaries thereunder were bound by such amendments, if reasonable and valid, as fully as if the same were recited at length over the signatures to the application and policy. *Supreme Lodge K. of P. v. Kutscher,* 179 Ill. 340; *Same v. Trebbe,* 179 Ill. 348; *Clarke v. Illinois Commercial Men's Association,* 180 Ill. App. 300.

No objection was made to the proof offered as to the adoption of the amendment of June 26, 1909. The question then is as to the reasonableness of the amendment, for it was regularly adopted, and, if reasonable, must be considered as a part of the contract of insurance.

The material part of the amendment is the following: "Nor shall this association be liable to any person on account of the disability or death of any member resulting from the discharge of firearms when there is no witness to the discharge of such firearms except the member himself." The remainder of the amendment relates to the burden of proof in establishing the presence of an eyewitness, and simply expresses the rule of law applicable to proof of the fact. It adds nothing to the effect of the part above quoted, for the burden of proof in this State, as elsewhere, rests with the plaintiff to establish that the assured met an accidental death under conditions imposing liability expressed in the terms of the contract of insurance, notwithstanding the pleas of the defendant of the general issue, setting up suicide, and the evidence in support thereof. *Fidelity & Casualty Co. of New York v. Weise,* 182 Ill. 496. It was indispensable under the first part of the by-law for the plaintiff to

prove an accidental death resulting from the discharge of the firearm and that there was an eyewitness to the discharge other than the assured. This was a condition precedent to the creation of a liability under the first part of the amendment of the by-law, even if the amendment had not specifically so provided. It follows, therefore, that the amendment does not establish a new rule of evidence and is not obnoxious to that objection.

In *Roeh v. Business Men's Protective Ass'n. of Des Moines,* 145 N. W. Rep. 479, the same provision in legal effect of a by-law was before the Supreme Court of Iowa on the same objections to its validity urged to this by-law, namely, that it was contrary to public policy, because it undertook to make a rule of evidence and interfered with orderly procedure in courts of justice. The by-law was upheld by that court and recovery was denied. In speaking of the objects or purposes of the by-law that Court said it was clear. "It was to remove the presumption of accident arising from death as a result of a gunshot wound, and to require eyewitnesses of the event in order to establish liability on the part of the insurer. Not only is the beneficiary to prove the operating cause of death, as that it was from a gunshot wound, but he must prove by eyewitnesses of the event that the gun was accidentally discharged. It is not enough that he prove that it might have been so committed. His proof must be stronger than that, and fairly preponderate in favor of the proposition that the gun was accidentally discharged."

As pointed out in the *Roeh* case, *supra,* contracts relating to procedure have been repeatedly sustained, such as a provision in an insurance policy limiting the time in which an action may be brought on the policy different from the statute of limitations, *Peoria Marine & Fire Ins. Co. v. Whitehill,* 25 Ill. 466, and *Riddlesvarger v. Hartford Ins. Co.,* 7 Wall. (U. S.)

386; a provision with reference to a requirement for furnishing written proofs of loss (*Kelly v. Supreme Council Cath. Mut. Ben. Ass'n.,* 46 App. Div. (N. Y.) 79); a provision waiving a jury trial. (*Columbia Bank v. Okely,* 4 Wheat. (U. S.) 235).

We have reached the conclusion that the amendment of the by-laws adopted June 26, 1909, was reasonable, not against public policy, and was valid, and constituted a part of the contract sued on. As such, it was material and the court erred in excluding it. If the amendment was a good and valid provision of the by-laws, the plaintiff failed to make out a case under the policy. The judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*