**CONTOIS v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.**

No. 8861.

Circuit Court of Appeals, Seventh Circuit.

April 26, 1946.

Alvin L. Hansen and Roland Towle, both of Chicago, Ill., for appellant.

Vincent O'Brien and Virgil C. Lutrell, both of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Plaintiff is the designated beneficiary in a life insurance policy issued by defendant, upon which this suit was instituted. The complaint contained two counts, one predicated upon the face or principal amount of the policy. Judgment was entered upon this count and has been satisfied. The other count, designated as Count 2, sought recovery in the amount of $4,000, upon an agreement attached to the main policy which insured against injuries sustained through accidental means and resulting in death under certain specified conditions. The court below, on defendant's motion, dismissed this count for failure to state a cause of action. From such dismissal plaintiff appeals.

The pertinent language of the provision declared upon is: "If * * * the death of the insured occurred (occurs) * * * as the result of * * * bodily injuries sustained * * * and effected solely through external, violent and accidental means, directly and independently of all other causes, within ninety days after such injury was sustained, * * * the Company agrees that, subject to the conditions and provisions specified herein, it will pay * * *."

According to the allegations of the complaint, the policy was in effect at all times relevant to this suit. On September 29, 1943, the insured was riding on a railway passenger car operated in the State of Minnesota, when said car accidentally left the track upon which it was traveling, was wrecked, and thereby the insured was violently thrown about and against parts of said car. The complaint continues: "By the sole means of and due directly to said accident, * * * the insured was greatly injured, bruised and maimed in and about his body, arms and legs, evidenced by visible contusions and wounds on the exterior of his body, and an injury, to-wit: a perforation of a certain gastric ulcer in the stomach of the insured, was effected, sustained and contracted, on or about to-wit: February 4, 1944, by the sole means of and due directly to said accident, which perforation, directly and independently of all other causes, resulted in the death of the insured from general peritonitis * * on February 10, 1944."

Defendant in its motion to dismiss asserted the complaint failed to state a cause of action because (1) "said count shows on its face that the death of the insured did not occur within ninety days after the alleged injury was sustained," and (2) "said count shows on its face that the death of the insured did not result from injuries effected solely through external, violent and accidental means, and directly and independently of all other causes." The lower court dismissed the complaint upon the ground first stated but found it unnecessary to consider or decide the second.

As shown from the allegations of the complaint, the accident relied upon occurred September 29, 1943, the injury sustained occurred February 4, 1944, and death resulted February 10, 1944. No question is raised as to the validity of the 90-day provision, but the sole controversy is as to when it commenced to operate. Plaintiff contends that it started to run on February 4, 1944, the date of the alleged injury. If so, death occurred within the

90 day period, in fact, within six days. On the other hand, defendant contends that it started to run on September 29, 1943, the date of the alleged accident. If so, it is equally obvious that death did not occur within the 90-day period.

A decision of the question presented depends upon the meaning of the phrase, "within ninety days after such injury was sustained." Plaintiff concedes that if the word "accident" had been substituted for the word "injury" as used in this phrase, the 90-day period would start to run at the time of the accident. It is argued, however, that the words "accident" and "injury" are not synonymous; in other words, an accident may take place at one time and an injury resulting therefrom at some subsequent time. Predicated upon this premise, plaintiff contends that the accident of September 29, 1943, resulted in an injury on February 4, 1944, and that death occurred within the designated period after the latter date.

We are of the view that plaintiff's contention is not tenable. The words "such injury" unmistakably, so we think, refer to the injury which was sustained at the time of the accident. The perforation of the ulcer which occurred on February 4, 1944, was not, within the meaning of the provision, the injury which the insured sustained but it was the result or effect of the accident or injury, whichever it be called, which occurred September 29, 1943.

If a cause of action can be stated by separating the injury from the accident by a period of more than four months as was done in the instant case, we see no reason why they could not be separated four years. In other words, a cause of action could be stated by alleging an injury on a certain date within ninety days of death, as the result of an accident which happened four years previous to the date of the alleged injury. Such a holding would well near render the 90-day clause meaningless. It would defeat the purpose such a provision was intended to serve. The purpose or reason for this clause has frequently been considered by the courts. In Brown v. United States Casualty Co., C.C.Cal., 95 F. 935, 937, the court stated: "* * *

that in fixing the premium charge it is necessary to limit the liability to a stated period; that from experience and the statistics on the subject 90 days has been decided to be a fair length of time for the final result of an accident * * *."

Referring to this same provision, the court in Clarke v. Illinois Commercial Men's Ass'n, 180 Ill.App. 300, 303, stated: "Its reasonableness would seem to rest upon a theory that if death does not usually result from the injuries received from an accident within ninety days therefrom, it may be as reasonably ascribed to other causes prior or intervening."

We approve of the reasoning of the lower court in dismissing the complaint. That court stated: "In order to recover the deceased must have suffered an injury sustained through external violence as a result of accidental means. Neither the external violence nor the accident occurred on the date of the perforation of the ulcer. There must be a coincidence of external violence and accident under the clause in question. There must also be a coincidence of bodily injuries sustained or contracted through external, violent and accidental means. The injury referred to under the policy is the injury causing the death of the insured. Such injury must occur at the time of the external violence and at the time of the accident."

While, as stated, plaintiff concedes that the authorities are unanimously against her where the policy provides that death must ensue within ninety days from the date of the accident, no case is cited and we find none where a different rule has been applied when the policy provides that death must ensue within ninety days of the injury, as in the instant case. On the other hand, there are a number of cases which have construed the precise or similar phraseology, here relied upon by plaintiff, contrary to her contention. Spaunhorst v. Equitable Life Assurance Society, D.C., 14 F.Supp. 154, 8 Cir., 88 F.2d 849; Kerns v. Aetna Life Insurance Co., 8 Cir., 291 F. 289; Sidebothom v. Metropolitan Life Insurance Co., 339 Pa. 124, 14 A.2d 131; Thompson v. Iowa State Traveling Men's Ass'n, 179 Iowa 603, 161 N.W. 655; Cen-

tral States Life Insurance Co. v. Hale, 186 Ark. 890, 56 S.W.2d 583.

We conclude, therefore, that the complaint was properly dismissed on the ground stated by the lower court. Like that court, we find no occasion to discuss or decide the other reason urged as a ground for dismissal.

The order of dismissal is affirmed.