578 F.Supp. 1286 (1984)
Cathy KUHLMEIER, et al., Plaintiffs,
v.
HAZELWOOD SCHOOL DISTRICT, et al., Defendants.
No. 83-2039C(1).
United States District Court, E.D. Missouri, E.D.
January 24, 1984.
*1287 *1288 *1289 Leslie D. Edwards, B. Stephen Miller, III, American Civ. Liberties Union, St. Louis, Mo., for plaintiffs.
Robert P. Baine, Jr., and Susan Kaiser, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on a plethora of motions filed by both parties. These motions include: 1) defendants' motions to dismiss and for summary judgment; 2) plaintiffs' motion for leave to file a consolidated response to defendants' motions, for enlargement of time in which to respond, and for an award of fees, costs and expenses; 3) plaintiffs' motion to amend by interlineation plaintiffs' memorandum in opposition to defendants' motions; 4) plaintiffs' motion to strike defendants' affirmative defenses; 5) plaintiffs' motion to disallow defendants' memorandum opposing plaintiffs' motion to strike; and 6) defendants' motion for an extension of time in which to respond to plaintiffs' motion to strike.

I. BACKGROUND:
This case involves the first amendment rights of high school students. Plaintiffs are three (3) students at Hazelwood East High School (hereinafter "Hazelwood East") in St. Louis, Missouri. Plaintiffs are or were members of a journalism class at Hazelwood East and on the staff of the Hazelwood East student newspaper, Spectrum. Each plaintiff also holds or held a position on the Spectrum staff, such as lay-out editor, news writer, movie reviewer, feature writer, and cartoon editor.
The named defendants include: the Hazelwood School District; the members of the Board of Education of the Hazelwood School District, in both their individual and official capacities; Dr. Thomas Lawson, individually and in his official capacity as Superintendent of the Hazelwood School District; Robert Eugene Reynolds, individually and in his official capacity as Principal of Hazelwood East High School; and Howard Emerson, individually and in his official capacity as a faculty member of Hazelwood School District.
This is an action brought pursuant to 42 U.S.C. § 1983 alleging that defendants' negligent, willful, and intentional acts, policies and omissions violated plaintiffs' first and fourteenth amendment rights to freedom of speech, freedom of expression and freedom of press. Plaintiffs allege that Spectrum is a "student newspaper published by [Hazelwood East] as an adjunct to the school's journalism curriculum." Complaint ¶ 7. According to the complaint, Mr. Robert Stergos was the acting faculty advisor for part of the 1982-83 academic year and approved several story ideas for publication. These included stories on teenage pregnancy, personal accounts of three pregnant Hazelwood East students, the causes of divorce, the difficulties of teenage marriage, the reasons why teenagers run away from home, and the proposed federal regulation requiring parents of minors to be notified if the minor receives birth control advice or devices from a federally-funded clinic. Articles on these subjects were prepared for publication in the May 13, 1983, issue of Spectrum and were sent to the publisher. At about the same time, Mr. Stergos left the Hazelwood School District and defendant Howard Emerson became the acting faculty advisor for the newspaper. Mr. Emerson gave a copy of the articles to defendant Robert Reynolds, who allegedly determined that the articles would not be published and notified the printer to delete the above-mentioned articles from Spectrum. The May 13, 1983, issue of Spectrum was published without the articles in question.
Plaintiffs allege that the actions of defendants amounted to an illegal, content-based prior restraint. Specifically, plaintiffs allege that the articles did not violate any pre-existing, objective standard for censoring articles of Spectrum; that none of the articles contained any libelous, obscene, or private material; and that none of the articles would have caused material and substantial disruption to the work and *1290 discipline of Hazelwood East. Moreover, plaintiffs allege that the actions of defendants were conducted pursuant to an established policy of the Hazelwood School District.
The relief sought by plaintiffs includes actual and punitive damages, declaratory relief, injunctive relief, attorneys' fees and costs. With respect to damages, each plaintiff alleges mental and emotional distress, damage to reputation, and denial of the opportunity to submit the articles in question to various contests for high school newspapers. Each plaintiff seeks $1,000.00 in actual and $10,000.00 in punitive damages. The equitable relief sought includes enjoining defendants from engaging in their allegedly unlawful acts, and requiring defendants to submit a plan for court approval which assures the court that the alleged unconstitutional conduct will not occur again.

II. MOTIONS:

A. PROCEDURAL MOTIONS:
Both sides of this litigation have filed several motions which can best be characterized as "procedural", and do not deserve any extended discussion by this Court to dispose of them. Therefore: 1) plaintiffs' motion for leave to file a consolidated response to defendants' motions to dismiss and for summary judgment be and is granted; 2) plaintiffs' motion for enlargement of time in which to respond to defendants' motions to dismiss and for summary judgment be and is granted; 3) plaintiffs' motion for an award of fees, costs and expenses be and is denied; 4) plaintiffs' motion to amend by interlineation plaintiffs' memorandum in opposition to defendants' motions to dismiss and for summary judgment be and is granted; 5) plaintiffs' motion to disallow defendants' memorandum opposing plaintiffs' motion to strike be and is denied; and 6) defendants' motion for an extension of time in which to respond to plaintiffs' motion to strike be and is granted, E.D.Mo.R. 7(D).[1] Three motions remain which require more than a passing discussion: defendants' motions to dismiss and for summary judgment; and plaintiffs' motion to strike.

B. DEFENDANTS' MOTION TO DISMISS:
Defendants filed a motion to dismiss raising five (5) separate grounds in support thereof, and a motion for summary judgment, at the same time that they filed their answer. Before discussing the merits of the grounds raised by defendants' motion to dismiss, this Court must first address plaintiffs' contention that a motion under Rule 12(b), Fed.R.Civ.P. 12(b), must be made before the answer is served, and that because defendants served their answer and Rule 12(b) motion to dismiss simultaneously, this Court must treat defendants' motion to dismiss as a motion for judgment on the pleadings. Fed.R.Civ.P. 12(b). Plaintiffs further argue that because defendants have submitted matters outside the pleadings, defendants' motion for judgment on the pleadings must be treated as a motion for summary judgment and therefore plaintiffs consolidated their response to defendants' motions for judgment on the pleadings and for summary judgment.
It is the opinion of this Court that the preferred rule to apply in situations where a defendant files his Rule 12(b) motion simultaneously with his answer is that the motion should be "view[ed] as having preceded the answer and thus as having been interposed in a timely fashion." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1361 at 634 (1969). See Contois v. State Mut. Life Asur. Co., 66 F.Supp. 76 (D.C.Ill.1945), aff'd, 156 F.2d 44 (7th Cir.1946); Duval v. Bathrick, 31 F.Supp. 510 (D.C.Minn.1940). Therefore, defendants' Rule 12(b) motion is properly before this Court. Moreover, the only *1291 "matter outside the pleadings" which defendants submitted, was the affidavit of defendant Lawson and said affidavit was submitted in support of defendants' motion for summary judgment only and not in support of defendants' motion to dismiss. Accordingly, this Court need not treat defendants' motion to dismiss as a motion for summary judgment.
In passing on a motion to dismiss a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.
The first ground raised by defendants in support of their motion to dismiss, is lack of subject matter jurisdiction. Essentially, defendants argue that Spectrum is a product of the Journalism II class at Hazelwood East and that, because it is a part of the curriculum at Hazelwood East, the decision of which articles to produce in Spectrum is committed to the discretion of Hazelwood East officials. Defendants contend that because the content of Spectrum is within the discretion and control of Hazelwood East, no federal constitutional or statutory right is involved and that this Court lacks subject matter jurisdiction.
Defendants' argument must be rejected for two reasons. First, plaintiffs merely allege that Spectrum is an "adjunct" of the journalism curriculum at Hazelwood East. Complaint ¶ 7. Therefore, construing the complaint in the light most favorable to plaintiff, it must be assumed that Spectrum is a public forum for student expression rather than an integral part of the curriculum. See Gambino v. Fairfax County School Board, 429 F.Supp. 731 (E.D.Va.), aff'd, 564 F.2d 157, 3 Med.L.Rptr. 1238 (4th Cir.1977).
Second, defendants' argument proceeds from the mistaken premise that if Spectrum is a part of the Hazelwood East curriculum, as opposed to a public forum for student expression, first amendment values are not implicated. This Court agrees that school officials have a great deal of discretion in the realm of determining curriculum. Board of Education v. Pico, 457 U.S. 853, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). However, that discretion is not without limits. Id.; Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); Pratt v. Independent School District No. 831, Forest Lake, 670 F.2d 771 (8th Cir.1982). Defendants are incorrect in stating that constitutional values are not implicated in curricular decisions. "It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." Tinker, 393 U.S. at 506, 89 S.Ct. at 736. Therefore, the mere fact that Spectrum may be a part of, or related to, Hazelwood East's curriculum does not deprive this Court of subject matter jurisdiction to determine whether the conduct complained of comports with the requirements of the first amendment.
The second ground raised by defendants is that plaintiffs lack standing to prosecute this action and that it must be dismissed pursuant to Rules 17(a) and 41(b). Fed.R.Civ.P. 17(a); 41(b). This Court fails to understand how either of Rules 17(a) or 41(b) are implicated by this ground. Construing the complaint in the light most favorable to plaintiffs, it must *1292 be assumed that they are, as alleged, suing for their own injuries. Therefore, this Court fails to see why plaintiffs are not the "real part[ies] in interest." Fed.R.Civ.P. 17(a). Rule 41(b) authorizes involuntary dismissal for failure of plaintiff to prosecute an action, failure to comply with the federal rules, or failure to obey a court order. Rule 41(b) does not apply to this case on the facts presently before this Court.
To the extent that defendants' second ground attacks the standing of plaintiffs to prosecute this case under Article III standing requirements, it must be rejected. Article III of the U.S. Constitution has been interpreted to require that a plaintiff have "such a personal stake in the outcome of the challenged controversy as to assure that concrete adverseness which sharpens the prosecution of issues upon which the court so largely depends for illumination of difficult constitutional questions." Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978). See also Larson v. Valente, 456 U.S. 228, 238, 102 S.Ct. 1673, 1680, 72 L.Ed.2d 33 (1982). This personal stake requires a "distinct and palpable injury", Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), and "a `fairly traceable' causal connection between the claimed injury and the challenged conduct." Duke Power, 438 U.S. at 72, 98 S.Ct. at 2629 (quoting Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977).
Applying these principles to the case at bar, and construing the facts alleged in the light most favorable to plaintiff, it is the opinion of this Court that plaintiffs possess the requisite personal stake in the outcome to give them standing. Defendants assert that plaintiffs "have not suffered any loss entitling them to bring this action." Memo of Law Supporting Defendants' Motion To Dismiss ¶ 2. Defendants thus contend that plaintiffs have not suffered an injury in fact (i.e., a "distinct and palpable injury"). However, plaintiffs clearly allege several injuries in fact caused by defendants' allegedly unconstitutional conduct. Plaintiffs allege that they suffered humiliation, damage to reputation, mental anguish, and denial of the opportunity to submit various aspects of the articles to student journalism contests, as a direct result of defendants' conduct. Complaint ¶ 16. Moreover, plaintiffs allege that defendants' conduct has directly caused a deprivation of plaintiffs' first amendment rights. Complaint ¶ 17. Taking these allegations as true, plaintiffs clearly have standing to prosecute this action and to vindicate their first amendment rights. Defendants mistakenly assume that plaintiffs must have authored the articles or suffered a grade reduction to have a first amendment interest in seeing the articles published or to have suffered an injury.
The third ground raised by defendants' motion to dismiss is that plaintiffs have failed to join, as necessary and indispensable parties under Rule 19, the authors of the articles in question. Rule 19(a) provides:
[a] person who is subject to service or process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
Fed.R.Civ.P. 19(a). Even though a person not a party falls within the category of persons described by Rule 19(a), and that person's joinder is not feasible, dismissal under Rule 19(b) lies within the sound discretion of the trial court. Fed.R.Civ.P. 19(b).
*1293 In the case at bar defendants have done no more than conclusorily state that the authors of the subject articles are necessary parties because in their absence defendants cannot have complete relief and will be subject to a multiplicity of suits. Defendants' contention that complete relief cannot be achieved in the absence of the authors of the articles being joined as plaintiffs is frivolous. Plaintiffs are suing for declaratory and equitable relief, and for plaintiffs' personal damages. There is no reason why the authors of the articles are necessary to give either declaratory or equitable relief in this case. This would be a different case if plaintiffs were seeking to enforce the first amendment rights of others, in addition to themselves.
Defendants' contention that the risk of a multiplicity of suits against defendants, presumably by the authors of the articles, makes the authors indispensable parties is also meritless. In the first place, Rule 19(a) protects parties against a substantial risk of multiple "obligations", not multiple suits. Fed.R.Civ.P. 19(a). There is no substantial risk of defendants incurring multiple or inconsistent obligations with respect to plaintiffs' claims. If defendants are victorious on the merits, they would most likely be protected from further actions by the doctrine of collateral estoppel. If defendants are not successful at trial, the only risk of multiple suits would lie in the area of damage claims by the authors. However, the authors' causes of action for damages are separate and distinct from plaintiffs' causes of action for damages. Therefore, there is no substantial risk that defendants will incur multiple obligations on the same cause of action.
Defendants' fourth ground in support of their motion to dismiss is that plaintiffs fail to allege a causal connection between any acts of defendants Sweeney, Donohue, Gerhardt, Busch, Gibbons, Arnac (all members of the board) and Lawson (district superintendent), and the injury complained of by plaintiffs. This contention is easily answered by the fact that plaintiffs allege that the prior restraint which allegedly occurred was done pursuant to an official policy of the Hazelwood School District and that these defendants are responsible for making the official policies of the district. Because defendant board members and defendant superintendent are allegedly responsible for making district policy, and because plaintiffs allege that their first amendment rights were violated pursuant to such policy, the element of personal involvement necessary to impose liability on these officials can be inferred. Personal involvement is necessary to impose individual liability on any of the named officials. Jacobs v. College of William and Mary, 517 F.Supp. 791 (E.D.Va. 1980), aff'd, 661 F.2d 922 (4th Cir.1981). The named officials cannot be liable on a theory of respondeat superior, and neither can defendant school district. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). Defendant school district, of course, may be liable for injuries caused by an official custom or policy. Id.
Finally, defendants contend that plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted, to the extent that defendants are sued in their individual capacities. Defendants argue that plaintiffs fail to allege any action taken by defendants in their individual capacity. Plaintiffs respond by arguing that:
[t]he acts of these defendants were either authorized by District "policy" or they were not. If authorized, defendants are liable in their official capacities. If not, they are liable individually.
Memorandum Of Law In Opposition To Defendants' Motions For Judgment On The Pleadings And Summary Judgment at 18 n. 5. This Court rejects defendants' argument, but not for the reasons stated by plaintiffs.
Plaintiffs and defendants fail to understand the distinction between "individual" and "official" capacity liability under § 1983. Monell established that local governmental bodies can be sued under § 1983. Footnote 55 of that decision states *1294 that "our holding today ... necessarily decides that local government officials sued in their official capacities are `persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name." Monell, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55. Suits against local government officials in their "official" capacity "are, in essence, actions against the governmental entity of which the officer is an agent." Familias Unidas v. Briscoe, 619 F.2d 391, 403 (5th Cir.1980). Accord, Thomas v. Board of Trustees, 515 F.Supp. 280, 292 n. 12 (S.D.Tex.1981). On the other hand, an official may be liable under § 1983 individually even though he was acting in his official capacity at the time he personally committed the conduct complained of. This is implicit in § 1983's imposition of liability upon persons acting under color of state law for violations of the constitutional rights of others. Defendants' argument that they cannot be liable under § 1983 in their individual capacities because they were acting in their official capacities at all times, is a non sequitur.
It is true that plaintiffs do not allege that defendant board members or defendant Lawson actually took part in the decision to delete the articles. However, as discussed supra, plaintiffs' allegations that defendant board members and defendant Lawson make the district's policies and that one of those policies caused plaintiffs' injuries, are a sufficient basis from which the necessary personal participation, i.e., necessary to impose individual liability, can be inferred. The allegations of personal participation on the part of defendants Reynolds and Emerson are clear and do not have to be inferred.
Accordingly, defendants' motion to dismiss is denied.

C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
Defendants' motion for summary judgment states that Spectrum is an integral part of the curriculum, that the district has no policy calling for the action taken by defendants, and that plaintiffs did not submit this controversy to administrative review by officials of Hazelwood School District. An affidavit of defendant Lawson is attached to defendants' motion which states that no policy exists calling for indiscriminate or arbitrary censorship, and that defendants exercise discretion over matters pertaining to curriculum. Defendants' motion seeks summary judgment in favor of the district, defendants in their official capacities, and defendants in their individual capacities.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).
First, with respect to defendants' assertion that Spectrum is a part of the curriculum at Hazelwood East and that defendants exercise discretion over the content of said curriculum, it is the opinion of this Court that, taking these assertions as true, it does not follow that defendants are entitled to judgment as a matter of law. As discussed supra, the facts that Spectrum may be part of the curriculum and *1295 that courts generally give deference to the decisions of school officials respecting curriculum content, do not render curriculum decisions devoid of constitutional limitations and do not prevent judicial scrutiny under appropriate circumstances. Accordingly, taking these assertions as true, defendants' motion must be denied because on its face issues of fact remain, i.e., whether defendants' alleged curriculum decisions comport with constitutional standards.
Defendants' second argument in support of their motion for summary judgment, that plaintiffs have not exhausted their administrative remedies, is also without merit. In Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court held that exhaustion of administrative remedies is not a prerequisite to an action under § 1983. Accordingly, defendants' argument must be rejected and cannot serve as a basis for summary judgment.
Finally, defendants argue that Hazelwood School District does not have a policy calling for the action taken by defendants Reynolds and Emerson. The affidavit of defendant Lawson is offered to support their contention. The effect of accepting defendants' assertion as true is that defendant school district, defendant members of the school board, and defendant Lawson would be entitled to summary judgment. As discussed supra, the factual allegation that allows plaintiffs' complaint against the school district, the members of the school board, and Lawson, to get past a motion to dismiss is the allegation that the allegedly unconstitutional conduct of defendants Reynolds and Emerson was done pursuant to an official district policy. Without this key allegation the complaint would not state a claim under § 1983 against the district, the board members or Lawson. The only allegation of personal participation on the part of defendants board members and Lawson is in making the alleged policy. Those defendants cannot be liable on a theory of respondeat superior. Monell. The absence of a district policy would not, of course, entitle defendants Reynolds or Emerson to summary judgment.
Despite Lawson's affidavit, however, it is the opinion of this Court that defendants' final ground in support of their motion for summary judgment must be rejected. Defendants' own answer makes it clear that there is a genuine issue of fact as to whether the actions of defendants Reynolds and Emerson were undertaken pursuant to official district policy. For example, ¶ 7 of Count III of defendants' answer states that the articles were deleted pursuant to district regulations and the district curriculum guide. Moreover, ¶ 8 of defendants' answer states that the articles violated "curriculum, policy, and statutory" provisions. In light of these allegations by defendants, this Court cannot take the assertions in defendant Lawson's affidavit as true, and there exists a genuine issue of material fact. Thus, summary judgment is not appropriate.

D. PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES:
The final motion that this Court must consider is plaintiffs' motion to strike certain of defendants' affirmative defenses and one paragraph of defendants' answer. Rule 12(f) provides that, upon motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1381 at 802 (1969).
Plaintiffs first move to strike defendants' first affirmative defense, which states that defendants "acted pursuant to a reasonable and good faith belief that their actions were lawful ...." Plaintiffs' objection to this defense is, essentially, that it is overbroad. Plaintiffs argue that the district, the defendants in their official capacities, and the defendants in their individual *1296 capacities, at least to the extent plaintiffs seek equitable and declaratory relief, are not entitled to the defense of good faith. However, plaintiffs nowhere argue that the defendants in their individual capacities may not claim a good faith defense from monetary liability. To that extent, at least, the defense is not insufficient and should not be stricken. Green v. White, 693 F.2d 45 (8th Cir.1982). The exact parameters of any other possible good faith defense or qualified immunity will not be determined at this stage of the proceedings.
Plaintiffs next move to strike defendants' second affirmative defense, which states that defendants acted within their authority and claim immunity to the extent available. Plaintiffs' objection seeks a premature ruling by this Court as to the "extent" of the immunity available to defendants. The insufficiency of defendants' second affirmative defense is not clearly apparent and is certainly sufficient as to some of the defendants under appropriate facts. Therefore, this defense should not be stricken.
Plaintiffs next move to strike defendants' third affirmative defense, which states that there is no causal relationship between any policy or action of the district and any alleged unconstitutional conduct. The absence of proximate cause is a sufficient defense to a § 1983 claim. Monell, 436 U.S. at 690-94, 98 S.Ct. at 2035-37; Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05, 46 L.Ed.2d 561 (1976). Causation also is a question of fact. Therefore, this defense should not be stricken.
Plaintiffs next move to strike defendants' sixth, seventh and eighth affirmative defenses, which attack plaintiffs' standing. Although this Court has ruled herein that plaintiffs allege sufficient standing to defeat a motion to dismiss, it does not follow that it may not appear at a later date or following a trial on the merits that plaintiffs lack sufficient standing to obtain certain types of relief. Accordingly, these defenses should not be stricken.
Plaintiffs next move to strike defendants' ninth affirmative defense, which states that plaintiffs have failed to join, as necessary parties, the authors of the subject articles, as required by Rule 19(a). Again, although this Court has ruled herein that the allegations do not reveal an absence of necessary parties, it does not follow that the absence of necessary parties will not become apparent at a later date and after a hearing on the merits. Accordingly, this defense should not be stricken.
Plaintiffs next move to strike defendants' tenth and eleventh affirmative defenses, which assert that plaintiffs have not exhausted the district's administrative remedies and that there has been no final decision by the district. Defendants argue that both the failure of plaintiffs to utilize administrative remedies and the absence of a final decision by the district may be relevant to defeat plaintiffs' claim for equitable relief and the element of causation. This Court cannot say at this early stage that defendants' argument has no merit or that these defenses are relevant. These defenses do not appear to be clearly insufficient or wholly irrelevant and therefore should not be stricken. Defendants' argument is distinct from the argument that exhaustion of administrative remedies is a prerequisite to a § 1983 action.
Plaintiffs next move to strike defendants' twelfth affirmative defense, which states that plaintiffs' complaint fails to state a claim upon which relief can be granted. This Court has ruled herein that plaintiffs' complaint does state a claim upon which relief can be granted and therefore defendants' twelfth affirmative defense should be stricken. The sufficiency of plaintiffs' complaint, unlike defendants' other defenses, can be, and has been, determined prior to any further development of the facts and circumstances involved in this case. Accordingly, this defense should be stricken.
Finally, plaintiffs move to strike ¶ 9 of Count III of defendants' answer, which states that the information contained in the articles were subject to the proscriptions *1297 of the Buckley Amendment, 20 U.S.C. § 1232g. The Buckley Amendment prohibits school districts from disclosing certain confidential information. ¶ 9 of Count III of defendants' answer does not appear as an affirmative defense, but it can be inferred that defendants contend that the articles in question would have violated the Buckley Amendment. Defendants are entitled to prove any set of facts that would support their contention for whatever value it may have and it is not clearly apparent, at this early stage of the proceedings, that defendants cannot prove any set of facts to support their contention or that it is a legally insufficient defense. Therefore, this portion of the answer should not be stricken.
In summary, plaintiffs' motion to strike is denied with the exception of defendants' twelfth affirmative defense, which is stricken.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiffs' motion for leave to file a consolidated response to defendants' motions to dismiss and for summary judgment be and is granted.
IT IS FURTHER ORDERED that plaintiffs' motion for enlargement of time in which to respond to defendants' motions to dismiss and for summary judgment be and is granted.
IT IS FURTHER ORDERED that plaintiffs' motion for an award of fees, costs and expenses be and is denied.
IT IS FURTHER ORDERED that plaintiffs' motion to amend by interlineation plaintiffs' memorandum in opposition to defendants' motions to dismiss and for summary judgment be and is granted.
IT IS FURTHER ORDERED that plaintiffs' motion to disallow defendants' memorandum opposing plaintiffs' motion to strike be and is denied.
IT IS FURTHER ORDERED that defendants' motion for an extension of time in which to respond to plaintiffs' motion to strike be and is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' complaint be and is denied.
IT IS FURTHER ORDERED that defendants' motion for summary judgment be and is denied.
IT IS FURTHER ORDERED that plaintiffs' motion to strike be and is denied, with the exception of defendants' twelfth affirmative defense which is stricken.
NOTES
[1] The parties are advised that this Court deems as unprofessional, the hypertechnical manner in which the parties have conducted this litigation to date. A number of the matters which these parties have made the subject of written motions, which of course evoked written opposition, should have been presented to this Court on any morning during informal matters.